

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# DeBiasse v. Chevy Chase Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"DeBiasse v. Chevy Chase Bank" (2005). *2005 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-278                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2452
_____

STEPHEN J. DeBIASSE,

Appellant

v.

CHEVY CHASE BANK CORP.; ZUCKER, GOLDBERG & ACKERMAN; SUPERIOR
COURT OF N.J., CHANCERY DIVISION MORRIS COUNTY; MORRIS COUNTY
SHERIFF DEP'T; SHERIFF ROCHFORD; ALL PERSONS KNOWN AND
UNKNOWN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01681)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
JUNE 23, 2005

Before:    ALITO, MCKEE and AMBRO, <u>Circuit Judges</u>

(Filed: August 4, 2005)
_____

OPINION
_____

PER CURIAM

    Appellant Stephen DeBiasse appeals from a District Court order dismissing for

lack of jurisdiction a complaint seeking to enjoin the sale of a foreclosed property at

sheriff's auction. Because no substantial question is presented, we will summarily affirm. See L.A.R. 27.4. We will also deny DeBiasse's motion for emergency injunctive relief as moot.

In January 2003, DeBiasse executed a mortgage on a property in Madison, New Jersey with Electronic Registration Systems, as nominee for Chevy Chase Bank (CCB), in exchange for the amount of $401,250. DeBiasse defaulted on his payments. On February 23, 2004, a foreclosure action was filed under New Jersey's Fair Credit Disclosure Act. N.J. Stat. Ann. §§ 2A:50-53 to 50-68. DeBiasse did not oppose the motion. The Superior Court, Chancery Division of Morris County, issued a default judgment on January 25, 2005.

A Sheriff's sale was scheduled for early April 2005. Shortly before the sale, DeBiasse filed a complaint in the United States District Court for the District of New Jersey claiming that the scheduled foreclosure was a violation of his "perfected letters patent." The District Court dismissed the complaint for lack of jurisdiction. DeBiasse appealed. He initially filed a motion for an emergency injunction to prevent the sale of the property. Before a ruling issued, DeBiasse filed a bankruptcy action which automatically stays the sale. See 11 U.S.C. § 362. DeBiasse fails to show that the District Court has either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.

We exercise plenary review over the dismissal of a complaint for lack of subject matter jurisdiction. See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004). Federal

2

question jurisdiction exists only when a plaintiff's "well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

DeBiasse has filed with this Court a copy of a document entitled "Assignee's Declaration of Land Patent," in which he describes various entitlements equal to those given to James, Duke of York, by Charles the II on November 4, 1674. It appears from DeBiasse's filings that he intends to claim what amounts to a fee simple in his land, a claim that does not raise a federal question. Rather, a fee simple merely grants to holder the "unconditional power of disposition during one's life." See Black's Law Dictionary 615 (6th ed. 1990). DeBiasse raises no challenge to the original grant, but only to the foreclosure in response to his default on a loan. Foreclosure is a contractual matter, governed by state law. See N.J. Stat. Ann. §§ 2A:50-53 to 50-68. Thus, no federal question exists.

DeBiasse also fails to establish diversity jurisdiction. Jurisdiction under § 1332(a)(1) requires complete diversity – "that is that no plaintiff can have the same state citizenship as any of the defendants." Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Management, Inc., 316 F.3d 408, 410 (3d Cir. 2003) (citations omitted). DeBiasse is a citizen of New Jersey. He shares that citizenship with at least three of the four Defendants. The only party for whom citizenship is uncertain is CCB. However, we need not determine whether CCB can claim New Jersey as its principal

3

place of business, because even if CCB is diverse, DeBiasse fails to obtain complete diversity.

Generally, when a complaint fails to establish complete diversity, a court may drop dispensable non-diverse parties upon motion or by its own initiative as justice may require. See Fed. R. Civ. P. 21; Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 124 S. Ct. 1920, 1925-26 (2004). Here, however, the Sheriff is an indispensable party as New Jersey's foreclosure statute requires the Sheriff to schedule a sale upon "receipt of any writ of execution issued by the court . . . ." See N.J. Stat. Ann. § 2A:50-64(3)(a). The sale may be adjourned by the Sheriff or court order only. See N.J. Stat. Ann. 2A:17-36. At the very least, the Sheriff cannot be removed from the action, thereby preventing complete diversity.

Accordingly, because no substantial question is presented, we will summarily affirm. The motion for emergency injunctive relief is denied as moot.